PER CURIAM.
This appeal on behalf of a juvenile is from an order of the juvenile and domestic relations court of Dade County adjudicating her to be a delinquent and committing her to the Dade County detention home for a period not to exceed six months. The juvenile was identified by a police officer as the one who stabbed him in the back while he and other officers were attempting to quell a spectator brawl at a public school football game. The contentions presented on behalf of the appellant have been considered in the light of the record and briefs and are found to be without merit. Although in the proceeding held under § 39.02 Fla.Stat, F.S.A., proof beyond a reasonable doubt was not required, the record discloses there was competent substantial evidence which in our view was sufficient to support the decision even if that higher quantum of proof had been requisite. The case of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, cited by the appellant, which dealt with questions as to the right of a juvenile to a jury trial and proof beyond a reasonable doubt vis-a-vis the New York juvenile court statute is not applicable here. Contrary to the situation in New York, under Florida law the way was open to the juvenile to have a jury trial, with the higher quantum of proof, at her election, since § 39.02(6) (b) provides that a juvenile of the age of the one involved here, joined by parent or counsel, could have demanded to be tried before a jury in the criminal court in which the (felony) offense would be triable if committed by an adult.
Affirmed.