PER CURIAM.
The sole question presented by this appeal is the standard of proof required in the adjudicatory phase of a child delinquency proceeding in a juvenile court in Florida in order to adjudge the child to be a delinquent. The question is narrowed only to those cases in which the act of delinquency charged against the child is one which would constitute a crime if committed by an adult.
In this court’s opinion rendered in the case of State v. R. E. F., a Juvenile, 251 So.2d 672, we discussed the various aspects of due process which were guaranteed both in the trial of criminal cases as well as in the trial of juvenile delinquency proceedings. In that case we referred to the decision rendered by the Supreme Court of the United States in In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, which *858 held that the standard of proof required in the adjudicatory phase of a juvenile delinquency proceeding conducted by a juvenile court must be the “reasonable doubt” standard and not the “preponderance of evidence” standard in order to insure due process.
In the case sub judice, the trial court applied the “preponderance of evidence” standard in finding the appellant child guilty of the act charged which resulted in an adjudication of delinquency. In doing so, the trial court apparently relied on the decision rendered by the Third District Court of Appeal in the case of In the Interest of A. J., 241 So.2d 439. In holding that the standard of proof required under the Florida juvenile court act was that of a “preponderance of evidence”, the Third District Court distinguished In re Winship, supra, by saying:
“. . . The case of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, cited by the appellant, which dealt with questions as to the right of a juvenile to a jury trial and proof beyond a reasonable doubt vis-a-vis the New York juvenile court statute is not applicable here. Contrary to the situation in New York, under Florida law the way was open to the juvenile to have a jury trial, with the higher quantum of proof, at her election, since § 39.02(6) (b) provides that a juvenile of the age of the one involved here, joined by parent or counsel, could have demanded to be tried before a jury in the criminal court in which the (felony) offense would be triable if committed by an adult.”
We have again carefully read and studied the Supreme Court decision of In re Winship. Nowhere do we find either in the majority, concurring, or dissenting opinion any holding to the effect that the reasonable doubt standard of proof must be observed in the adjudicatory phase of the juvenile court proceeding because the juvenile has no right to have his case transferred to a criminal court where he would be entitled to the reasonable doubt standard before conviction as alluded to by the court in its decision in the case of In the Interest of A. J., supra. We have examined the New York Family Court Act (the counterpart of our juvenile court act), and although no provision is found which entitles a child charged with delinquency to have his case, removed to a criminal court for trial, we do find a provision which authorizes the juvenile court judge to transfer the case to a criminal court for trial if such is deemed to be necessary and proper. It seems the only question the court was considering in the case of In re Winship was the constitutionality of that provision of the New York Family Court Act which specifically provides that during the adjudicatory phase of a child delinquency proceeding the preponderance of evidence standard of proof shall be observed and is sufficient. The Supreme Court found this provision to be unconstitutional as violative of the due process clause of the constitution.
From the foregoing, we are inclined to the view that we are bound by the Supreme Court’s decision in Winship that during the adjudicatory phase of a child delinquency proceeding in which the act charged is one which, if committed by an adult, would constitute a crime, the reasonable doubt standard should be observed and applied.
Accordingly, the judgment reviewed herein is reversed and the cause remanded to the trial court with directions that the trial court reconsider its judgment based upon the reasonable doubt standard of proof and render its judgment accordingly.
SPECTOR, C. J., and WIGGINTON and RAWLS, JJ., concur.