# IVAN V. *v.* CITY OF NEW YORK

No. 71–6425. Decided June 12, 1972

PER CURIAM.

The Court held in *In re Winship*, 397 U. S. 358, decided March 31, 1970, that proof beyond a reasonable doubt is among the essentials of due process and fair treatment that must be afforded at the adjudicatory stage when a juvenile is charged with an act that would constitute a crime if committed by an adult. In this case, on January 6, 1970, before *Winship* was decided, petitioner was adjudged a delinquent in the Family Court of Bronx County, New York, on a finding, based on the preponderance-of-evidence standard, that, at knifepoint, he forcibly took a bicycle from another boy, an act that, if done by an adult, would constitute the crime of robbery in the first degree. On direct appeal, the Appellate Division, First Department, reversed on the ground that *Winship* should be retroactively applied to all cases still in the appellate process, 35 App. Div. 2d 806, 316 N. Y. S. 2d 568 (1970). The New York Court of Appeals reversed the Appellate Division, holding that *Winship* was not to be applied retroactively, 29 N. Y. 2d 583,

272 N. E. 2d 895 (1971).* On remand, the Appellate Division thereupon affirmed the delinquency adjudication, 37 App. Div. 2d 822, 324 N. Y. S. 2d 934 (1971), and the Court of Appeals denied leave to appeal from that affirmance, 29 N. Y. 2d 489 (1972). We disagree with the holding of the Court of Appeals that *Winship* is not to be applied retroactively.

"Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances." *Williams* v. *United States,* 401 U. S. 646, 653 (1971). See *Adams* v. *Illinois,* 405 U. S. 278, 280 (1972); *Roberts* v. *Russell,* 392 U. S. 293, 295 (1968).

*Winship* expressly held that the reasonable-doubt standard "is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law' .... 'Due process commands that no man shall lose his liberty unless the Government has borne the burden of . . . convincing the factfinder of

---

*The Court of Appeals followed *Matter of D.,* 27 N. Y. 2d 90, 261 N. E. 2d 627 (1970), where *Winship* was said not to be retroactive but that even if it were, appellant there had waived the claim when he entered a guilty plea to the charges. In that circumstance this Court dismissed an appeal and denied certiorari in that case. *D.* v. *County of Onandaga,* 403 U. S. 926 (1971).

his guilt.' To this end, the reasonable-doubt standard is indispensable, for it 'impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue.' " 397 U. S., at 363–364.

Plainly, then, the major purpose of the constitutional standard of proof beyond a reasonable doubt announced in *Winship* was to overcome an aspect of a criminal trial that substantially impairs the truth-finding function, and *Winship* is thus to be given complete retroactive effect. The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgment of the Appellate Division of the Supreme Court of New York, First Judicial Department, is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

THE CHIEF JUSTICE took no part in the consideration or decision of this case.