## FIRST DEPARTMENT, OCTOBER, 1972

## (October 2, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES LITTLE-JOHN, Appellant.— Judgment, Supreme Court, New York County, rendered on July 6, 1971, convicting defendant, upon his plea of guilty, as a youthful offender, and sentencing him to a reformatory term not to exceed three years, unanimously reversed, on the law, and the case remanded for resentencing in accordance with the procedures mandated by sections 207, 208 and 209 of the Mental Hygiene Law. Defendant was originally charged with a felony but permitted to plead guilty to being a youthful offender to cover a charge of attempted grand larceny in the third degree, as class A misdemeanor. Since the court below was advised that defendant was a user of drugs, imposition of sentence should have been withheld until the required medical examination was given and a report thereon received. (*People v. Carter*, 39 A D 2d 537.) Unlike situations involving felony convictions where a sentencing Judge has the discretionary power to impose a sentence of imprisonment, a person convicted of a misdemeanor or adjudicated as a youthful offender who is determined to be a narcotic addict must be certified to the care and custody of the Narcotics Addiction Control Commission. Concur — Stevens, P. J., McGivern, Nunez, Murphy and McNally, JJ.

■ In the Matter of MICHAEL S., a Person Alleged to be a Juvenile Delinquent, Appellant.— On reargument, order of the Family Court of the State of New York, New York County, entered May 23, 1969, which adjudicated respondent as a person in need of supervision, unanimously reversed, on the law, without costs and without disbursements, and the juvenile delinquency petition dismissed. The order of this court entered on June 6, 1972, is vacated [39 A D 2d 1019]. The standard of proof used was a preponderance of the evidence, and we affirmed on that basis on the authority of *Matter of Ivan V.* (29 N Y 2d 583). However, in the interim since our affirmance, the United States Supreme Court *Per Curiam* in June of this year determined that *Matter of Winship* (397 U. S. 358), which required proof beyond a reasonable doubt, should be applied retroactively. (*Ivan V. v. City of New York*, 407 U. S. 203.) Accordingly, we granted reargument. Concur — McGivern, J. P., Markewich, Kupferman, McNally and Eager, JJ.