268 So.2d 457 (1972)
In the Interest of J.D.D., Jr., a Child, and B.L.B., a Child, Appellants,
v.
STATE of Florida, Appellee.
In the Interest of M.J.B., a Child, Appellant,
v.
STATE of Florida, Appellee.
Nos. 71-954 to 71-956.
District Court of Appeal of Florida, Fourth District.
November 2, 1972.
Charles W. Musgrove, Public Defender, West Palm Beach, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
*458 WALDEN, Judge.
These cases have been consolidated for appellate consideration and for purposes of opinion. The minor defendants were adjudicated to be delinquent children and duly committed. They appeal.
The several appellate points have been considered and none have merit or require discussion except that common point which challenges the sufficiency of the evidence.
The Florida Statutes define a delinquent child as one who "commits a violation of law, regardless of where the violation occurred". Section 39.01(11), F.S. 1971, F.S.A. A violation of law is a violation of any law of the United States, Florida, another state, or a city or town ordinance. Section 39.01(13)(a), F.S. 1971, F.S.A.
In all three cases, defendants have argued that the evidence is purely circumstantial and does not sustain the burden of proof. The question is what burden of proof is required and is it satisfied? In Re Winship, 1970, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, held that juveniles, when charged with a violation of criminal law, are constitutionally entitled to proof of guilt beyond a reasonable doubt to sustain an adjudication of delinquency. To like effect and supporting this view are the cases of In the Interest of V.D.B., Fla. App. 1972, 261 So.2d 857, and State v. R.E.F., Fla.App. 1971, 251 So.2d 672; contra, In the Interest of J., Fla.App. 1970, 241 So.2d 439.
V. v. City of New York, 1972, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659, involved an adjudication of delinquency based on a preponderance of the evidence. The case held that the Winship standard of proof beyond a reasonable doubt was to be given complete retroactive effect.
If any reasonable doubt exists that the defendant committed the crime of which he is accused, that is, if the legal presumption of innocence is not overcome by evidence showing guilt beyond a reasonable doubt, then an accused juvenile may not be adjudicated delinquent. This rule of evidence applies whether the proof relied on is circumstantial or direct. 13 Fla. Jur., Evidence, § 435 (1957). A reasonable doubt can arise from either lack of sufficient evidence to establish guilt or from affirmative evidence tending to show innocence. 13 Fla.Jur., Evidence, § 436 (1957). Further, where all of the evidence is circumstantial, it must exclude every reasonable hypothesis except guilt. Williams v. State, Fla.App. 1968, 206 So.2d 446.
With these threshold legal principles, we now proceed to a summary analysis of the evidence in order to determine the adequacy of the proofs:
A. In In the Interest of M.J.B., Case No. 71-956, the minor appellant was adjudicated delinquent based on possession of marijuana.
Appellant was a passenger in a car stopped because the driver had an improper license. The officers found what appeared to be a marijuana roach on the floorboard at the right-hand corner of the driver's seat, and another in the ashtray. A field test was positive for marijuana. The driver and all three passengers were arrested for possession. Appellant was the passenger in the front seat.
At the hearing one of the officers indicated detecting the smell of freshly smoked marijuana in the car. Burnt residue was found in the ashtray.
Testimony was admitted as to the Voltox tests run by the officers, and the results. The roaches and the burnt residue were not produced in court.
There is no evidence or showing that this appellant individually owned, controlled or possessed the vehicle, and neither was there any evidence other than the inferences that might be gleaned from the mentioned odor that this individual appellant smoked, had possession of, or had *459 knowledge of the existence of the contraband. The evidence, however viewed, simply and clearly does not exclude the reasonable hypothesis that the other three minors (who had pleaded guilty while this particular minor had pleaded not guilty) were in possession and smoking the marijuana and that defendant was innocent of such conduct. We are of the opinion that every reasonable hypothesis other than guilt has not been excluded by the allowable circumstantial evidence in this case and, therefore, defendant's adjudication of delinquency can not be sustained.
B. In In the Interest of J.D.D., Jr., and B.L.B., Case Nos. 71-954 and 71-955, it appears that appellant J.D.D., Jr., gave a "fictitious" name to the clerk of a Martinizing shop, and asked for shirts for which he had no ticket. While the clerk looked, he left, but appellant B.L.B., who was with him, waited for the shirts. J.D.D., Jr., was observed to leave with a red bag or package, which the clerk gave B.L.B. for trousers he wanted altered. B.L.B. was observed to join him several blocks away.
About twenty or thirty minutes later, the clerk noticed her purse was missing from under the counter. She did not think the counter was unattended during this time.
The purse was found a block away, with the money missing. The boys were apprehended shortly thereafter. B.L.B. still had the red bag with the trousers inside. The boys had less money with them than was missing from the purse.
The evidence is, of course, highly suspicious as regards the two appellants. But, is it enough to meet the earlier mentioned criteria and requirements of proof? We have vacillated somewhat, but finally reach the conclusion that it does not. It would not be unreasonable to think that some other customer or employee seized the purse in the twenty or thirty minutes that intervened between the presence of the appellants in the shop and the discovery of the loss. Even though the clerk suggested that someone was always at the counter, it is reasonably possible that that someone may have made the seizure or that the employee could have been distracted by customer requirements and that distraction taken advantage of by a wrongdoer other than these appellants.
The orders adjudicating the delinquency and commitment of the above-styled appellants in Appeal Cases 71-954, 71-955 and 71-956 are hereby reversed and the causes remanded for the purpose of affording these minor appellants a new hearing and trial on the issues of delinquency.
Reversed and remanded.
REED, C.J., and MAGER, J., concur.