270 So.2d 6 (1972)
STATE of Florida, Petitioner,
v.
In the Interest of V.D.B., a Child, Respondent.
No. 42465.
Supreme Court of Florida.
November 29, 1972.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for petitioner.
Joseph S. Farley, Jr., of Mahon & Mahon, Jacksonville, for respondent.
Carling H. Stedman, for American Civil Liberties Union Foundation of Florida, Inc., Miami, as amicus curiae.
*7 PER CURIAM.
This is a conflict jurisdiction review of the decision of the District Court of Appeal, First District, in the case entitled In Interest of V.D.B., a child v. State of Florida, 261 So.2d 857.
The question for decision is the standard of proof required in the adjudicatory phase of a child delinquency proceeding in a juvenile court in Florida in order to adjudge a child to be delinquent where the act of delinquency charged is one which would constitute a crime if committed by an adult.
There is a conflict of decisions upon the stated question in Florida requiring us to exercise our conflict jurisdiction to resolve conflict. The trial judge in this case, and the Third District Court of Appeal in the case of In the Interest of A.J., 241 So.2d 439, hold that the standard of proof to adjudicate a juvenile a delinquent for having committed an offense which if committed by an adult would constitute a crime is the "preponderance of evidence." The First District Court of Appeal disagrees, and has reversed the trial court in this case. The First District Court holds that the proper standard of proof is that of "beyond a reasonable doubt."
We have carefully studied the matter and conclude, as did the First District Court of Appeal, that the decisions of the United States Supreme Court in In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, and V. v. City of New York, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972), control and the standard of proof required in a case of this kind is "beyond a reasonable doubt." See also, State v. R.E.F., a Juvenile, Fla. App., 251 So.2d 672.
Further elaboration upon the question appears unnecessary since In re Winship and V. v. City of New York, supra, and the cited District Courts of Appeal cases explicate fully the legal principles involved.
The petition for writ of certiorari is discharged.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.