Jacob T. Ztjkermae", J.
This is a motion to vacate a finding of juvenile delinquency made on the basis of “ a preponderance of the evidence ” rather than “ beyond a reasonable doubt.”
On April 15, 1969 the respondent, then aged 14, was found to be a juvenile delinquent. The court in its indorsement indicated “ After hearing, Finding.” However, the printed form which was completed and signed by the Judge (order of adjudication and disposition [juvenile delinquency] — Form 7-15) included the following statement: ‘ ‘ The matter having come on for a Fact Finding hearing before this Court, and the Court, after hearing the proofs and testimony offered in relation to the case, having determined, on a basis of a preponderance of the evidence, that the respondent did the act(s) alleged in the petition which, if done by an adult, would constitute a crime; and” (emphasis mine).
The motion is brought by the Law Guardian on behalf of the respondent to vacate the finding since he feels that the decision in Ivan V. v. City of New York (407 U. S. 203 [1972] ) applies to cases such as this.
The motion is opposed by the Corporation Counsel on the following grounds (1) that there is no indication that the Law Guardian has been authorized by the respondent or the respondent’s parents to bring this application; that a respondent who has allegedly been deprived of due process of law should proceed by an application for writ of coram nobis (People v. Sullivan, 3 N Y 2d 196; People v. Codarre, 10 N Y 2d 361), which writ will issue only at the instance of a party to the record or one in privity with him or of a person injured by the judgment and thus must be instituted only by the respondent (18 Am. Jur. 2d Coram. Nobis, Etc., § 24); (2) that this motion, being in the nature of coram nobis, requires the respondent to allege and establish his right to relief by a fair preponderance; (3) that it is doubtful whether Ivan V. applies to cases not in the appellate process at the time that Matter of Winship (397 U. S. 358) was decided.
The Law Guardian replies (1) that under section 762 of the Family Court Act, a motion to vacate an order may be made by1 ■ any interested person acting on behalf of the respond *628 ent ” and that since the Law Guardian’s office represented the respondent at the original hearing, he is an interested person; and that where a provision of the Family Court Act covers a method of relief, coram nobis is not appropriate; (2) that even assuming that the respondent has the burden of proof, this burden has been met by the court’s own form which indicates that the finding was made on a preponderance of the evidence; that the burden now shifts to the Corporation Counsel to show otherwise; and (3) that Matter of Winship (397 U. S. 358, supra) was given complete retroactive effect.
This court agrees with the Law Guardian that he is an interested party never having been relieved as attorney for the respondent and that coram nobis is not required when there is a specific method provided by the Family Court Act for seeking relief which could have the samé effect.
We feel also that even though it is possible that evidence presented in the instant case was sufficient to have justified a finding beyond a reasonable doubt, since this was not indicated in the decision and since the order of adjudication and disposition signed by the Judge stated specifically that it was “ on the basis of a preponderance of the evidence ”, the burden of proof has been met. The burden has shifted to thé Corporation Counsel, who has not offered any contradictory evidence.
We feel, too, that the Supreme Court was very clear in Ivan V. v. City of New York (407 U. S. 203, supra), that Matter of Winship (39 U. S. 358, supra) does not apply in a case of this sort. The court stated (p. 205) therein that since “ the major purpose of the constitutional standard of proof beyond a reasonable doubt announced in Winship was to overcome an aspect of a criminal trial that substantially impairs the truth-finding function * * * Winship is thus, to be given complete retroactive effect”. In Ivan V. the court (p. 204) quoted from Williams v. United States (401 U. S. 646, 653 [1971]) thus: “ ‘ Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so ' raises serious questions about the accuracy of guilty verdicts in fact trials, the new rule has been given complete retroactive effect.’ ”
Thus the court held Winship to be completely retroactive and it certainly applies in this case.
The motion to vacate the finding is granted. Petition dismissed.