PEARSON, Judge.
The controlling question on this appeal is whether or not a juvenile judge may appoint a referee to conduct a trial of a juvenile upon the charge that the juvenile is a delinquent. The State suggests that the authority for such a procedure rests in Chapter 20808, Laws of Florida, 1941, where authorization of a referee who is an official or employee of the juvenile court is enunciated. There is a distinct question as to whether this enactment is still in effect. See Chapter 71-29, sections 2 and 3, Laws of Florida, 1971. However, we do not find it necessary to decide that question because references by a juvenile court to a referee for the purpose of trial are improper upon a much broader basis.
Since the enactment of Chapter 20808, Laws of Florida, 1941, the entire basis and even philosophy of juvenile proceedings has been changed in accordance with the holding of the United States Supreme Court that a trial of a juvenile partakes of the nature of a criminal proceeding rather than a proceeding in which the State is parens patriae. See V. v. City of New York, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed. 2d 659 (1972); State v. V. D. B., Fla.1972, 270 So.2d 6. The legal effect of the recent holding of the Supreme Court of Florida in State v. V. D. B., supra, emphasizes the changed nature of the proceedings in cases involving juveniles. We hold, therefore, that the reference of appellant’s trial to a non-judicial officer was without authority and constitutes reversible error.
It should be noted that under amended Article V of the Constitution of 1968, the trial of all juveniles, except for traffic offenses, is conducted in the circuit court.[1] Therefore, the question of references under Chapter 20808, Laws of Florida, 1941, which was applicable to the juvenile court is not likely to arise again. This is a delayed appeal allowed to appellant under the holding in Baggett v. Wainwright, Fla. 1969, 229 So.2d 239, and we conclude that in view of the lapse of time since the entry *578 of the order appealed, a new trial would be impractical. Therefore, the cause is remanded with directions to discharge the appellant.
Reversed and remanded with directions to discharge the appellant.

. The new text of Article V, § 5, F.S.A., was adopted by the special election of March 14, 1972, and became effective January 1, 1973. See Fla.Stat. § 26.012 (2) (c), F.S.A., and Fla.Stat. § 39.01(1), F.S.A., which implement the new language of Article Y.