**UNITED STATES of America ex rel. Jose R. CASTRO, Appellant,**

v.

**Vincent J. REGAN, Superintendent, State Prison, Leesburg, New Jersey.**

**No. 74–1486.**

United States Court of Appeals, Third Circuit.

Argued Oct. 29, 1974.

Submitted Under Third Circuit Rule 12(6) on Remand from Supreme Court of the United States on Oct. 24, 1975.

Decided Nov. 24, 1975.

William F. Hyland, Atty. Gen. of N.J., Trenton, N.J., for appellee; Joseph J. Rodgers, Deputy Atty. Gen., Appellate Section, Div. of Crim. Justice, East Orange, N.J., of counsel and on the brief.

William A. Garrigle, Casby, Garrigle & Chierici, Cherry Hill, N.J., for appellant.

Before ALDISERT, STALEY and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

The issue is whether appellant is entitled to habeas corpus relief from his 1971 New Jersey conviction for second degree murder.

Having exhausted his state remedies,[1] appellant filed a *pro se* petition with the district court for a writ of habeas corpus, contending, *inter alia,* that he was denied due process and equal protection "by the multitudinous use of 'presumptions' and 'presumptive-type' phrases during the trial court's charge to the jury; thereby endangering and depriving the petitioner of his right to be proven guilty beyond a reasonable doubt on all elements . . . ." *See generally In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The district court dismissed the petition. Civ.No. 2009-72 (D.N.J., Feb. 8, 1974). By judgment order, we affirmed the judgment of the district court. 505 F.2d 731 (3d Cir., Oct. 30, 1974). The Supreme Court vacated and remanded for further consideration in light of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Once again, we affirm.

While the facts were disputed at trial, the following scenario suffices for our purposes. The homicide occurred about 3:00 a. m. on June 5, 1970, in a Bellmawr, New Jersey tavern. Appellant testified that he had spent much of the day before, as well as the fatal morning, bar hopping. Shortly before 3 a. m., appellant became involved in an argument, apparently over a woman; he left the tavern in a huff, returned with a shotgun, made certain threats and brandished a weapon. Thomas Lyons, not the man with whom appellant had quarrelled, approached appellant with arms upraised saying "peace, peace," in an effort to calm him. Appellant pushed Lyons in the chest with the shotgun, which discharged fatally wounding Lyons. Appellant testified at trial that he recalled nothing of his activities during the early morning hours immediately preceding the shooting, that he did not recall going to the Bellmawr tavern, that he had been a friend of Lyons', and that he had not intended to harm him.

In *Mullaney, supra,* the trial court had instructed that "if the prosecution established that the homicide was both intentional and unlawful, malice aforethought was to be conclusively implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation." 421 U.S. at 686, 95 S.Ct. at 1883. The Court framed the issue thusly:

The Maine law of homicide, as it bears on this case, can be stated succinctly: Absent justification or excuse, all intentional or criminally reckless killings are felonious homicides. Felonious homicide is punished as murder—*i. e.,* by life imprisonment—unless the defendant proves by a fair preponderance of the evidence that it was committed in the heat of passion on sudden provocation, in which case it is punished as manslaughter—*i. e.,* by a fine not to exceed $1,000 or by imprisonment not to exceed 20 years. The issue is whether the Maine rule requiring the defendant to prove that he acted in the heat of passion on sudden provocation accords with due process.

*Ibid.* at 691–92, 95 S.Ct. at 1886. The Court concluded that the state could not, without offending due process, affirmatively shift the burden of proof to the defendant. *Ibid.* at 701, 95 S.Ct. 1881.

Appellant now contends that he falls squarely within the purview of the *Mullaney* rule.[2] Specifically, he points to the

---

1. Appellant was sentenced in state court March 29, 1971. On appeal, the Superior Court of New Jersey, Appellate Division, affirmed the conviction, but remanded for imposition of a reduced sentence. On May 24, 1972, appellant filed a notice of petition for certification, which the New Jersey Supreme Court denied. *State v. Castro,* 61 N.J. 162, 293 A.2d 392 (1972).

2. In his supplemental brief on remand, appellant through counsel also urges that the trial court's charge on transferred intent was incorrect and deprived him of due process, and that

following portion of the court's charge to the jury:

Now, Ladies and Gentlemen, the indictment alleges murder of Thomas P. Lyons. So therefore, what is murder? Murder is the unlawful killing of another human being with malice and without reasonable provocation or justifiable cause or excuse. And I'd like to go over that with you.

Murder is the unlawful killing of another. Unlawful killing means that the killing did not occur at the command of or with the permission of the law.

The unlawful killing of another human with malice. What is malice? Well, malice as I have used the word means that there must be a concurrence of an evil meaning mind with an evil doing hand. Malice means either one or both of the following states of mind preceding or coexisting with the act or omission by which death is caused, and it may exist even where that act is unpremeditated: A, an intention to cause the death or grievous bodily harm to any person whether such person is the person actually killed or not; or B, knowledge that the act which causes death will probably cause the death of or grievous bodily harm to some person, whether such person is the person actually killed or not, although such knowledge is accompanied by indifference, whether death or grievous bodily harm is caused or not, or by a wish that it may not be caused.

So then murder is the unlawful killing of another human being with malice which I have explained to you and without reasonable provocation or justifiable cause. Without reasonable provocation or justifiable cause or excuse means that the killing did not

occur by accident or in self preservation. When we talk about accident here, we mean that the killing did not occur during the doing of a lawful act in a lawful manner with reasonable care. Thus, an accidental shooting is not an unlawful killing. I do instruct you, however, that the pointing of a shotgun at a person's chest is an assault, and hence that is not a lawful act.

And so again, murder is the unlawful killing of another human being with malice and without reasonable provocation or justifiable cause or excuse. In New Jersey by enactment of the Legislature, the crime has been divided into two degrees, first degree and second degree. And it is presumed that every such unlawful killing of another human being is murder in the second degree. However, before such a presumption arises, an unlawful killing must be established. The mere proof of a killing does not give rise to a presumption of any kind. *The law presumes that all unlawful homicides, that is all unlawful killings, are committed with malice unless the lack of malice is affirmatively demonstrated by the evidence.*

And so, since I've told you that the Legislature has divided the crime of murder into two degrees, that is first and second degree, we note again the presumption that every unlawful killing of a human being is murder in the second degree.

(Emphasis added.)

We have re-examined the record in the light of *Mullaney,* cognizant that our review must be of the instructions as a whole. *Mullaney v. Wilbur, supra,* 421 U.S. at 690–91 n. 10, 95 S.Ct. 1881; *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). We conclude that the trial court's charge was not vio-

the trial court wrongfully suppressed testimony favorable to the defense thereby impairing his right to cross examination and to due process of law. During our initial consideration of appellant's contentions, we evaluated and rejected these contentions. *See* Judgment Order

of Oct. 30, 1974 (3d Cir. No. 74–1486). We do not read the Supreme Court's remand to extend to these issues. In any event, we believe our prior disposition to be sound and adhere to our determination that these contentions are without merit.

lative of *Mullaney*.[3] Accordingly, the district court did not err in denying the writ of habeas corpus.

The first critical distinction between this case and *Mullaney* relates to the concept of "malice" in the relevant state law. As the Supreme Court stated in *Mullaney*:

> In this country the concept of malice aforethought took on two distinct meanings: [1] in some jurisdictions it came to signify a substantive element of intent, requiring the prosecution to prove that the defendant intended to kill or to inflict great bodily harm; [2] in other jurisdictions it remained a policy presumption, indicating only that absent proof to the contrary a homicide was presumed not to have occurred in the heat of passion.

421 U.S. at 694, 95 S.Ct. at 1887. An examination of the trial court's charge and its definition of "malice" makes clear that New Jersey has adopted the first meaning. On the other hand, as the Supreme Court's presentation of the issue in *Mullaney*, also excerpted above, manifests, Maine subscribes to the latter view.

Second, the trial court instructed the jury that it might convict appellant of manslaughter, even though the indictment did not charge that crime. The court repeatedly told the jurors that the prosecution must prove all essential elements of any offense, for which they might return a guilty verdict, beyond a reasonable doubt, and that manslaughter was killing without malice.

Nor are we persuaded that the portion of the trial court's charge italicized *supra*[4] brings this case within *Mullaney*.

The state of New Jersey offers a semantic distinction to rebut appellant's contention: it says *Mullaney* precludes a rule of law requiring that the *defendant* affirmatively demonstrate the lack of malice, whereas the trial court spoke of "the lack of malice [being] affirmatively demonstrated by the *evidence*." (Emphasis added.) We decline to adopt this argument. We prefer to rely on the challenged instruction viewed in the context of the overall charge.

After deliberating some four and one-half hours, the jury requested additional instructions. The court then recharged the jury in full as to each of five possible verdicts. Significantly, the court did not repeat that portion of its original charge relating to an affirmative demonstration of the lack of malice. In short, the final instructions to the jury were complete and free from ambiguity. Nowhere did the court charge, as did the Maine court in *Mullaney*, that the defendant had the burden of "establish[ing] by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce murder to manslaughter." *Ibid.* at 703, 95 S.Ct. at 1892. Rather, the court charged that, before the jury could find murder in the second degree, "there has to be proof beyond a reasonable doubt that there was the unlawful killing of another human being with malice and without reasonable provocation or justifiable cause or excuse."

In conformity with the Supreme Court's *Mullaney* holding—that "the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden

---

**3.** Because of the view we take, we need not consider whether *Mullaney* should be accorded retroactive effect. We note in passing that at least one court has ruled that *Mullaney* only applies to trials commenced after June 9, 1975, the date of decision. *People v. Balogun,* 372 N.Y.S.2d 384 (N.Y.Sup.Ct., Kings Cty., 1975). Inasmuch as *Mullaney* is soundly grounded on *In re Winship,* which was held completely retroactive in *Ivan v. City of New York,* 407 U.S.

203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972) (per curiam); *see Mullaney,* 421 U.S. at 688, n. 8, 95 S.Ct. 1881, it might be argued that *Mullaney* also should be fully retroactive.

**4.** "The law presumes that all unlawful homicides, that is all unlawful killings, are committed with malice unless the lack of malice is affirmatively demonstrated by the evidence."

provocation when the issue is properly presented", *ibid.* at 704, 95 S.Ct. at 1892 —we find no error of constitutional dimensions.

The judgment of the district court will be affirmed.