# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Decided January 10, 2006

No. 05-3106

IN RE: REGULO ANTONIO ZAMBRANO

———

On Application for Leave to File Second or Successive
Motion Under 28 U.S.C. § 2255
(93cr00418-03)

———

*Regulo Antonio Zambrano*, pro se, filed the application for leave to file a second or successive motion.

*Roy W. McCleese III.*, Assistant U.S. Attorney, filed the opposition to the application. On the papers were *Kenneth L. Wainstein*, U.S. Attorney, and *John R. Fisher*, Assistant U.S. Attorney at the time the application was filed.

Before: RANDOLPH, ROGERS, and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*: Regulo Zambrano applies for leave to file a second motion to vacate his criminal sentence pursuant to 28 U.S.C. § 2255, contending that the sentence is unconstitutional under *United States v. Booker*, 125 S. Ct. 738 (2005). We cannot authorize the filing, however, because the Supreme Court has not made *Booker* retroactive to cases on collateral review. We therefore deny Zambrano's application.

2

I

In April 1995, a jury convicted Zambrano on charges relating to a conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii) and 21 U.S.C. § 853. He was sentenced to 188 months' imprisonment under the United States Sentencing Guidelines. In 1997, we affirmed the convictions and sentence. *United States v. Gaviria*, 116 F.3d 1498 (D.C. Cir. 1997).

After his convictions became final, Zambrano mounted a collateral attack pursuant to 28 U.S.C. § 2255. He contended that he had received ineffective assistance of counsel, and he further argued that the district court's enhancement of his sentence -- based on findings not made by the jury -- violated the rule of *Apprendi v. New Jersey*, which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). The district court denied relief. Almost six months later, Zambrano moved to vacate the district court's order, stating that he had not received notice of the court's denial of his § 2255 motion until after the time for appeal had expired. The district court denied the motion, and this court denied a certificate of appealability. *See United States v. Zambrano*, No. 04-3056, 2005 WL 361496 (D.C. Cir. Feb. 15, 2005).

Zambrano now seeks leave to file a second § 2255 motion. In that motion, Zambrano contends that the district court's enhancement of his sentence under the Sentencing Guidelines was unconstitutional in light of *United States v. Booker*, which held that the "Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing

Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant." 125 S. Ct. at 756 (internal quotation marks omitted).

## II

Under 28 U.S.C. § 2255, a prisoner in custody under a federal sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." A second or successive motion under § 2255, however, "must be certified as provided in section 2244 by a panel of the appropriate court of appeals" to contain:

> (1) newly discovered evidence . . . ; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 100 Stat. 1214). Section 2244 provides (inter alia) that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies" the above requirement. 28 U.S.C. § 2244(b)(3)(C); *see In re Olopade*, 403 F.3d 159, 162 (3d Cir. 2005).

As Zambrano does not rely on newly discovered evidence, the only question before us is whether *Booker* is a new rule of constitutional law "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255. That

4

question is governed by *Tyler v. Cain*, 533 U.S. 656 (2001), which held: "[T]he Supreme Court is the only entity that can 'make' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." *Id.* at 663. In addition, the *Tyler* Court concluded "that 'made' means 'held' and, thus, the requirement is satisfied only if this Court has *held* that the new rule is retroactively applicable to cases on collateral review." *Id*. at 662 (emphasis added); *see id*. at 663 ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.").[1]

The Supreme Court has never expressly held *Booker* retroactive. *Booker* itself did not state that its rule was retroactive to cases on collateral review. *See* 125 S. Ct. at 769 (stating only that the holding was applicable "to all cases on direct review"). Nor has the Court held *Booker* retroactive in any subsequent case.

In *Tyler*, the Court acknowledged that, "with the right combination of holdings," it could "make a rule retroactive over the course of two cases." 533 U.S. at 666. But "[m]ultiple cases can render a new rule retroactive only if the holdings in those

---

[1] In *Tyler*, the Court addressed 28 U.S.C. § 2244(b)(2)(A), rather than the above-quoted language from 28 U.S.C. § 2255, because the petitioner was a state prisoner seeking collateral relief under 28 U.S.C. § 2254. *See Tyler*, 533 U.S. at 659. The relevant portion of § 2244(b)(2)(A) is identical to that portion of § 2255 implicated in this case, and we have previously applied *Tyler* to a federal prisoner's application for permission to file a successive § 2255 motion. *See In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002); *see also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) ("The standards for a successive § 2254 petition and a successive § 2255 motion based on a new constitutional rule are identical.").

cases *necessarily* dictate retroactivity of the new rule." *Id.* (emphasis added); *see id.* at 669 (O'Connor, J., concurring) (stating that "[t]he Court . . . can be said to have 'made' a rule retroactive . . . only where the Court's holdings logically permit no other conclusion"). That might be so, for example, if the court were to hold in one case that a rule is of a particular type, and in another "that all [such] rules apply retroactively." 533 U.S. at 666; *see id.* at 668-69 (O'Connor, J., concurring). The "Supreme Court does not 'ma[k]e' a rule retroactive," however, "when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts." 533 U.S. at 663.

The possibility of a *Tyler* two-step does not assist Zambrano. *Booker* was an application of the *Apprendi* rule to the United States Sentencing Guidelines, and of the Court's previous application of *Apprendi* to find unconstitutional a state's determinate sentencing regime in *Blakely* v. *Washington*, 542 U.S. 296 (2004). *See Booker,* 125 S. Ct. at 749. But the Supreme Court has never expressly held either of those cases retroactive on collateral review, and we have concluded that the Court has not "made" either case retroactive within the meaning of § 2255. *See In re Hinton*, 125 Fed. Appx. 317 (D.C. Cir. 2005); *In re Smith*, 285 F.3d 6, 11 (D.C. Cir. 2002).

Indeed, the Supreme Court has made clear that not every application of *Apprendi* has retroactive effect. In *Ring v. Arizona*, 536 U.S. 584 (2002), the Court held that, "because Arizona law authorized the death penalty only if an aggravating factor was present, *Apprendi* required the existence of such a factor to be proved to a jury rather than to a judge." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) (describing the holding of *Ring*). Nonetheless, in *Summerlin*, the Court held that *Ring* "does not apply retroactively to cases already final on direct review." 542 U.S. at 358.

6

Zambrano argues that *Booker* is ultimately an extension of *In re Winship*, which held that the Constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged," 397 U.S. 358, 365 (1970), and he notes that the Supreme Court has held that *Winship* is to be given "complete retroactive effect," *Ivan V. v. City of New York*, 407 U.S. 203, 205 (1972) (internal quotation marks omitted).[2] But there are too many logical steps between *Winship* and *Booker* to conclude that it "necessarily" follows that if *Winship* is retroactive, *Booker* must be as well. *Tyler*, 533 U.S. at 666. Although the Court did rely on *Winship* to decide *Booker*, *see* 125 S. Ct. at 748, the road that begins with *Winship* and ends with *Booker* runs through *Apprendi* and *Blakely*. Both of those cases were also dependent upon *Winship*, *see id.* at 748-49 (stating that *Winship* "provided the basis" for *Apprendi* and *Blakely*), but as noted above, neither has been made retroactive for purposes of § 2255.

Moreover, the Supreme Court has made clear that not even a more direct application of *Winship* is necessarily retroactive. In *Tyler* itself, the Court concluded that it had not made *Cage v. Louisiana*, 498 U.S. 39 (1990), retroactive. *Cage* held that "a jury instruction is unconstitutional if there is a reasonable

---

[2] *Ivan V.*, itself, was a case on direct review. There, the Supreme Court reversed the New York Court of Appeals' decision that *Winship* was not to be applied "retroactively" to a direct appeal in which the initial adjudication had taken place before *Winship* was decided. 407 U.S. 203, 203-04 (1972). In subsequent cases, the Court suggested that *Winship* also applied retroactively to cases on collateral review. *See Murray v. Carrier,* 477 U.S. 478 (1986)*; United States v. Johnson*, 457 U.S. 537, 562-63 n.21 (1982).

likelihood that the jury understood the instruction to allow conviction without proof beyond a reasonable doubt." *Tyler*, 533 U.S. at 658 (describing *Cage*). Notwithstanding that *Cage* was based on the finding "that the instruction at issue was contrary to the 'beyond a reasonable doubt' requirement articulated in *Winship*," *Cage,* 498 U.S. at 41, *Tyler* determined that the Court had not made the *Cage* rule retroactive to cases on collateral review. *Tyler*, 533 U.S. at 664.

For these reasons, we conclude that *Booker* is not a new rule of constitutional law "made retroactive to cases on collateral review by the Supreme Court" within the meaning of 28 U.S.C. § 2255. In so holding, we join all of the circuits that have considered the question. *See Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *In re Olopade*, 403 F.3d 159, 164 (3d Cir. 2005); *United States v. Fowler*, 133 Fed. Appx. 922, 922-23 (4th Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *United States v. Shipp*, 137 Fed. Appx. 904, 904 (7th Cir. 2005); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005). The application for leave to file a second § 2255 motion is

*denied*.