J-S15025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES EUGENE LUCAS | : | |
| | : | |
| Appellant | : | No. 54 WDA 2021 |

Appeal from the PCRA Order Entered December 21, 2020
In the Court of Common Pleas of Jefferson County Criminal Division
at No(s): CP-33-CR-0000053-2006

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED: June 23, 2021**

Charles Lucas (Appellant) appeals *pro se* from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. We affirm.

This Court previously summarized the factual and procedural history as follows:

> [O]n February 15, 2006, Appellant pled guilty to four counts of Burglary and on July 10, 2006, the trial court sentenced Appellant to an aggregate term of 6 to 12 months' imprisonment followed by 9 years' probation. On February 20, 2008, following new criminal charges, the violation of probation ("VOP") court revoked Appellant's probation and resentenced Appellant to an aggregate term of 1-2 years' incarceration, followed by 5 years' probation. On February 17, 2015, again following new criminal charges, the VOP court held a ***Gagnon I*** hearing, and ordered Appellant to remain incarcerated pending the outcome of the new charges on the two counts of misdemeanor Theft. On June 17, 2015, the court held a ***Gagnon II*** hearing and took judicial notice

---

[*] Retired Senior Judge assigned to the Superior Court.

of Appellant's guilty plea to the above charges. On July 1, 2015, the trial court revoked Appellant's probation, and resentenced Appellant to three consecutive sentences of 5 to 10 years' imprisonment, for an aggregate sentence of 15 to 30 years' imprisonment.

Appellant filed a timely notice of appeal and on June 2, 2016, this Court affirmed Appellant's Judgment of Sentence. **See** [**Commonwealth v.**] **Lucas**, [No. 124 WDA 2015, unpublished memorandum, at 1-3 (Pa. Super. filed June 2, 2016)]. Appellant did not seek review by the Pennsylvania Supreme Court. Thus, his sentence became final on July 2, 2016. **See** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken.").

**Commonwealth v. Lucas**, 1348 WDA 2019, at *1-2 (Pa. Super. May 18, 2020) (unpublished memorandum) (footnote omitted).

On June 1, 2017, Appellant filed a timely PCRA petition in which he alleged ineffective assistance of counsel. The PCRA court denied relief, and this Court affirmed. **Commonwealth v. Lucas**, 1659 WDA 2017 (Pa. Super. Aug. 21, 2018) (unpublished memorandum).

Appellant filed a second PCRA petition on April 15, 2019. The PCRA court denied relief and this Court affirmed on May 18, 2020. **Lucas**, 1348 WDA 2019, **supra**.

Appellant filed the underlying PCRA petition, his third, on November 12, 2020. The PCRA court issued notice of its intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. On December 21, 2020, the PCRA court entered an order dismissing the petition as untimely. Appellant filed a notice

of appeal. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents two issues for review:

1.   Whether the PCRA court erred in determining that the PCRA petition was untimely because the petition was filed within 60 days of the date [of] receiving case law under Constitutional Principles.

2.   Whether the PCRA court's conclusion Appellant has no Constitutional protection under the PCRA exceptional rule despite the U.S. Supreme Court['s] decision in IVAN V. VS [sic] CITY OF NEW YORK, 407 U.S. 203, 93 S. CT. 1951, 32 L.ED. 659 (1972) which states:  "A proof beyond a reasonable doubt decision is retroactive."  Appellant filed his PCRA pursuant to UNITED STATES V. HAYMOND, 139 S. CT. 2369 (Feb. 26, 2019), similarities in Appellant['s] case, and when this information became aware to him pursuant to COMMONWEALTH V. BURTON, 2017 PA. LEXIS 664 (March 28, 2017), verses Appellant's filing.

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.  *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012).  We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support

in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

As Appellant's judgment of sentence became final on July 2, 2016, we agree with the PCRA court that Appellant's petition is untimely. ***See Lucas***, 1348 WDA 2019, ***supra*** (Appellant's "sentence became final on July 2, 2016").[1] A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Beyond the one-year time-bar, a petitioner must plead and prove at least one of the three following exceptions:

(i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[1] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). Also, a petitioner must raise the claim within one year of the date that the claim could have been raised. *Id.* at § 9545(b)(2).

Consistent with the foregoing, we examine whether Appellant has pled and proven an exception to the PCRA's time-bar. Appellant argues he has met a combination of the second and third exceptions (newly discovered facts concerning his constitutional rights). He states he filed his petition "in a timely manner after reading, and determining through his personal knowledge that the HAYMOND decision applied here, 139 S.CT. 2369 (Feb. 26, 2019), with regards to Appellant's illegal sentence." Appellant's Brief at 4; *see also id.* at 2, 5. Further, "Appellant references a case similar in UNITED STATES V HAYMOND, 139 S.CT. 2369 (Feb. 26, 2019) for retroactive application." *Id.* at 7. He states "the case was decided over 1 year ago, however [he has limited access to] the SCI Houtzdale law library [and his] Oct. 15, 2020 law library schedule/sign-in date is the first time he became aware that his sentence could be challenged under these principles[.]" *Id.* (citing *Commonwealth v. Burton*, [158 A.3d 618] ([Pa.] 2017). Appellant concludes with a request "to be resentenced pursuant to the Constitution." *Id.*[2]

---

[2] By correspondence dated April 1, 2021, the Commonwealth advised this Court it would "not be filing a brief in regard to the above-captioned matter."

- 5 -

Appellant's argument is flawed. First, the United States Supreme Court decision in **Haymond** is inapplicable because it invalidated a **federal** statute, 18 U.S.C. § 3583(k). **United States v. Haymond**, 139 S. Ct. 2369, 204 L. Ed. 2d 897 (2019) (statute governing revocation of supervised release and authorizing new mandatory minimum sentence based on judge's fact-finding violated Due Process Clause and the Sixth Amendment).

Likewise, **Burton** is not applicable. We explained:

> In **Burton**, our Supreme Court held that the presumption that information which is of public record cannot be deemed "unknown," for purposes of Section 9545(b)(1)(ii), does not apply to incarcerated, *pro se* petitioners. **Burton**, 158 A.3d at 638. Nowhere in the **Burton** decision did our Supreme Court suggest the creation of a new constitutional right, nor did the Court engage in any form of constitutional analysis in reaching that decision. To the contrary, **Burton** is a case of statutory construction or, more specifically, it limits the scope of a prior interpretation of the text of Section 9545(b)(1)(ii). In narrowing that prior interpretation, the **Burton** Court did not invoke any provisions or rights set forth in the Pennsylvania or Federal Constitutions.

**Commonwealth v. Kretchmar**, 189 A.3d 459, 463 (Pa. Super. 2018). Most significantly, we held that "judicial decisions do not constitute new 'facts' for purposes of the newly-discovered [fact] exception set forth in Section 9545(b)(1)(ii)." **Id.** at 467.

With regard to subsection (iii) and constitutional rights, the Supreme Court in **Commonwealth v. Abdul-Salaam**, 812 A.2d 497 (Pa. 2002), explained:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court

after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501.

In sum, the United States Supreme Court decision in **Haymond** is not germane, and Appellant has not satisfied either the newly-discovered facts or constitutional right exception to the PCRA's time-bar. The PCRA court did not err.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2021

- 7 -