**John W. LOGAN, Petitioner, on behalf of Charles Homer McNabb, Relator,**

**v.**

**Calvin AUGER, Warden, Iowa State Men's Reformatory, Anamosa, Iowa, and Lynn Ford, Sheriff, Pottawattamie County, Iowa, Respondents.**

Civ. No. 76-219-2.

United States District Court,
S. D. Iowa,
Central Division.

Feb. 9, 1977.

---

Controlled Substances Act and its accommodation hearing provisions; and, more importantly, it necessitates a discussion of recent Iowa case law which has realigned the burden of proof in those accommodation hearings. At the crux of the pending controversy is the Iowa Supreme Court's refusal to extend to McNabb the benefits of its recent ruling on the "accommodation defense."

John W. Logan, Council Bluffs, Iowa, for relator.

Richard C. Turner, Atty. Gen. of Iowa, and Raymond W. Sullins, Asst. Atty. Gen. of Iowa, Des Moines, Iowa, for respondents.

## INTRODUCTION

HANSON, Chief Judge.

The Court has before it a habeas corpus action in which Charles Homer McNabb challenges his five-year sentence as a non-accommodation deliverer of amphetamines pursuant to the Iowa Controlled Substances Act. Section 204.101 *et seq.*, Code of Iowa (1975). In essence, McNabb's constitutional claim is that his right to due process was violated when, after pleading guilty to delivery of a controlled substance, he was forced at a post-conviction hearing to carry the burden of proof in establishing that the delivery was designed to accommodate another person without intent to profit. Resolution of this Fourteenth Amendment issue requires an understanding of the Iowa

## I. STATUTORY BACKGROUND

Prior to adopting the Uniform Controlled Substances Act in 1971, the Iowa legislature expanded significantly the accommodation provision of the federal statute by making it applicable to the sale of controlled substances other than marijuana. *See* 21 U.S.C. § 841(b)(4) (1970). Furthermore, unlike Congress, the state legislature provided that an accused, if he desired to mitigate his delivery conviction by showing no intent to profit, had to prove entitlement to the lesser accommodation penalty. Hence, upon its enactment, the Iowa statute was framed as follows: Section 204.401(1) prohibited delivery of a controlled substance, and a defendant convicted under that subsection could be sentenced as a felon up to ten years in prison.[1] A defendant automatically received the felony penalty unless, pursuant to Section 204.410, he attempted at a post-conviction hearing to reduce his potential sentence to a misdemeanor penalty.[2] If at such a hearing the defendant proved by "clear and convincing evidence" that the delivery had only been intended as

---

1. As material to the instant action, Section 204.401(1), Code of Iowa (1975), provides:

    1. Except as authorized by this chapter, it is unlawful for any person to . . . deliver . . . a controlled substance . . . Any person who violates the subsection with respect to . . .

    b. Any . . . controlled substance classified in schedules I, II, or III, is guilty of a public offense and upon conviction shall be punished by imprisonment in the penitentiary for not to exceed five years and by a fine of not more than one thousand dollars.

2. Section 204.410, Code of Iowa (1975), provides:

    Any person who enters a plea of guilty to or is found guilty of a violation of section

204.401, subsections 1 or 2, may move for and the court shall grant a further hearing at which evidence may be presented by the person, and by the prosecution if it so desires, relating to the nature of the act or acts on the basis of which the person has been convicted. If the convicted person establishes by clear and convincing evidence that he delivered or possessed with intent to deliver a controlled substance only as an accommodation to another individual and not with intent to profit thereby ·nor to induce the recipient or intended recipient of the controlled or counterfeit substance to become addicted to or dependent upon the substance, the court shall sentence the person as if he had been convicted of a violation of section 204.401, subsection 3.

an "accommodation" to another person, the trial court was to sentence him under Section 204.401(3), which provided for a misdemeanor penalty of up to one year in jail or a $1,000.00 fine or both.[3] A defendant unable to prove "accommodation" was presumed to have intended to deliver for his own profit and would be sentenced under the felony penalty of Section 204.401(1). *See* Comment, *The Iowa Controlled Substances Act and the Accommodation Defense*, 50 Iowa L.Rev. 640 (1974).

The Iowa Controlled Substances Act, after its enactment, remained essentially unchanged until the Iowa Supreme Court's decision in *State v. Monroe*, 236 N.W.2d 24 (Iowa 1975). Overruling earlier decisions, the *Monroe* court determined that the State rather than defendants must carry the burden of proof in post-conviction hearings. Accordingly, the court shifted the burden of proof by excising the ensuing bracketed language from Section 204.410.

> Any person who enters a plea of guilty to or is found guilty of a violation of section 204.401, subsections 1 or 2, may move for and the court shall grant a further hearing [at which evidence may be presented by the person, and by the prosecution if it so desires], relating to the nature of the act or acts on the basis of which the person has been convicted. If the convicted person [establishes by clear and convincing evidence that he] delivered or possessed with intent to deliver a controlled substance only as an accommodation to another individual and not with intent to profit thereby nor to induce the recipient or intended recipient of the controlled or counterfeit substance

to become addicted to or dependent upon the substance, the court shall sentence the person as if he had been convicted of a violation of section 204.401, subsection 3. *Monroe*, at 37.

The Iowa Supreme Court found this deletion and its own change in stance constitutionally "unescapable" under *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). *Monroe*, 236 N.W.2d at 34. In *Wilbur*, the United States Supreme Court had upheld a defendant's argument that Fourteenth Amendment due process required the State of Maine, contrary to its statutes, to carry the burden of proof as to each and every element of a homicide charge.

However, in concluding its *Monroe* decision, the Iowa Supreme Court enunciated a limited retroactivity, thereby qualifying the shift in burden of proof at the accommodation hearings.

> Relief flowing from the constitutional adjudication in this opinion is available only in (a) the case at bar, (b) *cases now pending on appeal where error has been properly preserved at trial* and (c) cases in which timely appeal is hereafter taken and in which error has been properly preserved. *Monroe*, at 39 (emphasis added).

This limited retroactivity is of particular importance to the instant action, for McNabb, whose case was among those "pending on appeal" where error had allegedly *not* been "properly preserved at trial," claims that such retroactivity resulted in the deprivation of his constitutional rights to due process and equal protection. But, before examining this issue, the Court

---

**3.** Section 204.401(3), Code of Iowa (1975), provides:

3. It is unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a misdemeanor, and upon conviction shall be punished by imprisonment in the county jail for not to exceed one year, or by a fine of not more

than one thousand dollars, or both such imprisonment and fine. If the controlled substance is marijuana, the punishment shall be by imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or both such fine and imprisonment. All or any part of a sentence imposed pursuant to this section may be suspended and the person placed upon probation upon such terms and conditions as the court may impose including the active participation by such person in a drug treatment, rehabilitation or education program approved by the court.

briefly reviews the procedural history of McNabb's case. Review serves a twofold purpose: it discloses that the trial court did in fact place the burden of proof upon the defendant, as was required by pre-*Monroe* law; and it places this case within the determinative time-frame of the *Wilbur* and *Monroe* decisions.

## II. PROCEEDINGS BELOW

Following a February 12, 1975 guilty plea to the delivery of amphetamines in violation of Section 204.401(1), McNabb, pursuant to Section 204.410, requested and received an accommodation hearing on April 4, 1975. Judge Harold L. Martin of Pottawattamie District Court subsequently ruled on April 8 that McNabb had failed at the hearing to prove an accommodation delivery by the necessary "clear and convincing evidence."

> The Court now having considered all of the evidence finds that the defendant failed by clear and convincing evidence to establish that he delivered the controlled substance only as an accommodation to another individual and not with intent to profit thereby, and the claim of the defendant [shall] be denied.

After his post-trial motions were overruled on June 6, 1975, McNabb was sentenced on July 2, 1975, to a five-year term in the Men's Reformatory at Anamosa, Iowa and fined $500.00 plus costs. McNabb filed an appeal that same July 2, and an appellate brief was submitted to the Iowa Supreme Court on November 4, 1975.

On November 24, 1975, while McNabb's appeal was pending before it, the Iowa Supreme Court handed down the *Monroe* decision, a decision prompted by the United States Supreme Court's June 9, 1975 ruling in *Wilbur, supra.* In light of these decisions, McNabb, his appeal yet pending, filed a reply on January 22, 1976, arguing Fourteenth Amendment due process required that the State should have carried the burden of proof at his accommodation hearing. But on April 14, 1976, the Iowa Supreme Court cited the limited retroactivity of *Monroe*, refused to extend the accommodation statute as revised by *Monroe* to McNabb, and affirmed the trial court's non-accommodation finding.

> Contrary to defendant's contention . . he does not come under our holding in *Monroe.* At no time did defendant raise before the trial court the challenge we considered in *Monroe.* Because the questions were not preserved, he is not free to challenge for the first time on appeal the burden of proof of accommodation . . . . *State v. McNabb,* 241 N.W.2d 32, 33-34 (Iowa 1976).

The Iowa Supreme Court denied McNabb's June 22, 1976 petition for rehearing.

The matter came before this Court by way of a petition for writ of habeas corpus, which was filed July 7, 1976 by John W. Logan on behalf of Charles Homer McNabb. Said petition seeks relief from the state trial court's determination that McNabb had failed to prove that he was an accommodation deliverer pursuant to Section 204.410. Since the Iowa Supreme Court has upheld the trial court and rejected McNabb's constitutional arguments, the parties' pleadings properly concur that state remedies have been exhausted. *See Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Fay v. Noia,* 372 U.S. 391, 434–35, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The pleadings, which address primarily the validity of the limited retroactivity enunciated in *Monroe,* also raise no factual dispute. Therefore, the lack of factual dispute and extensive briefing having eliminated the need for a hearing, the Court proceeds herein to rule on the pending habeas petition.

## III. PARTIES' ARGUMENTS

McNabb fashions his habeas petition along the following argument:

> It is Relator's [McNabb's] contention that the 1966 United States Supreme Court decision of *O'Connor v. Ohio,* 385 U.S. 92 [87 S.Ct. 252, 17 L.Ed.2d 189] (1966) bars the State of Iowa from denying the Relator his due process right enunciated in *Mullaney v. Wilbur* [sic], 421 U.S. 684 [95 S.Ct. 1881, 44 L.Ed.2d 508] (1975) and applied by the Iowa Supreme Court in

*State v. Monroe*, 236 N.W.2d 24 (Iowa 1975).

The *O'Connor* case, which McNabb claims is analogous to his action, held that the Ohio Supreme Court violated constitutional due process in refusing on remand to extend *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1975) to an Ohio case which had been pending appeal before the United States Supreme Court when *Griffin* was decided. *See O'Connor*, 385 U.S. at 93, 87 S.Ct. 252. The Ohio court's ruling that the prosecutorial indiscretion prohibited pursuant to *Griffin* had not been raised and hence was waived by O'Connor at trial was found to be erroneous. In a per curiam decision, the United States Supreme Court commented:

> Defendants can no more be charged with anticipating the *Griffin* decision than can the States. . . . Thus, his failure to object to a practice which Ohio had long allowed cannot strip him of his right to attack the practice following its invalidation by this Court. *O'Connor*, at 93, 87 S.Ct. at 253.

The Iowa Supreme Court in *Monroe*, McNabb argues, has done precisely that for which the Ohio court was reversed. By procedurally limiting the shift in burden of proof to only those cases "pending on appeal where error had been properly preserved at trial," the Iowa court was unconstitutionally denying relief as to any defendant who had been tried prior to the availability of the United States Supreme Court's *Wilbur* decision. Being such a defendant, McNabb demands appropriate relief.

The Court views the State's reply to McNabb's argument to be of a dual nature. First, espousing the recent opinion of the Iowa Supreme Court in *State v. Leonard*, 243 N.W.2d 75 (Iowa 1975), which specifically upheld the limited retroactivity enunciated in *Monroe*, it contends that a state supreme court has the power to dictate the prospectivity or retroactivity of its own decisions. Secondly, apparently invoking the procedural "waiver" rule of *Fay, supra*, the State further argues that a writ should not

issue because of McNabb's failure to raise the *Wilbur-Monroe* burden of proof rule in a timely manner.

## IV. UNTIMELINESS/WAIVER

■ Before inquiring into a state court's power to dictate the prospectivity or retroactivity of its own decisions, the Court considers the State's argument of "untimeliness" and "waiver." Specifically, the proposition to be examined is whether McNabb, by his failure to raise the *Wilbur* decision at trial, waived any claim that placing the burden of proof on him at the accommodation hearing violated constitutional due process.

The law is clear that a state can hold matters not raised in the trial court, including constitutional questions, subject to waiver; and, once waived, these matters cannot usually be urged on state appeal as a basis for reversal. *See Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). Waiver at trial, however, presumes that there existed a right to be waived. Such a presumption is attended by some difficulty in this case. Although conceding that there were approximately twenty-three days between the *Wilbur* decision (June 9, 1975) and the filing of his appeal with the Iowa Supreme Court (July 2, 1975), days when the burden of proof issue could have been raised in the trial court, McNabb argues that it would be unreasonable to hold him to immediate knowledge of rights first delineated in the *Wilbur* case. McNabb also argues that his rights with respect to burden of proof at an accommodation hearing did not become "ripe" until the *Monroe* case, which was decided after his appeal was filed.

The Court, while sensing merit in McNabb's arguments against waiver, need not rule on them. In *Fay, supra*, 372 U.S. at 426–28, 83 S.Ct. 822, the United States Supreme Court confirmed that an application for habeas relief in federal court is generally not to be barred by a procedural default that may have arisen during the state court proceedings. An exception to this generalization occurs when a petitioner,

by "considered choice," deliberately and knowingly bypasses the state court process by failing to make timely objection to any procedural deficiency. *Fay, supra,* at 438–39, 83 S.Ct. 822; *Humphrey v. Cady,* 405 U.S. 504, 516–17, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972). Regardless of whether or not the State has intended to urge the "bypass" argument, and their pleadings are unclear in this respect, such argument must fail. The evidence does not suggest a knowing and considered bypass, nor has the State met its burden of proving the same. *Wilwording v. Swenson,* 502 F.2d 844, 850 (8th Cir. 1974); *Homan v. Sigler,* 278 F.Supp. 201, 205 (D.Neb.1967).

The Court, therefore, finds no basis in respondent's untimeliness and waiver argument for denying the pending habeas petition. If this Court is to overrule McNabb's claim of due process denied by inability to raise the burden of proof issue, it can only be because the Iowa Supreme Court does have a substantial and independent power which enabled it to dictate how the *Monroe* decision would be retroactively applied in situations like the *McNabb* case. Thus, to determine whether McNabb's accommodation hearing was constitutionally sound, the Court must examine the soundness of the *Monroe* decision.

## V. JUDICIAL RETROACTIVITY

Retroactivity of judicial decision-making is a concept with which lower state and federal courts have long struggled.[4] Since the celebrated *Linkletter v. Walker,* 387

U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), members of the United States Supreme Court have themselves sharply disagreed as to the nature and application of judicial retroactivity.[5] Set rules remain to be promulgated.[6] Consequently, the *Monroe* court, having no solid precedent before it, was necessarily left to surmising whether the United States Supreme Court might retroactively apply the *Wilbur* ruling with respect to burden of proof in criminal trials. *See Michigan v. Payne,* 412 U.S. 47, 55–56, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973).

This Court fully concurs with the method utilized by the Iowa Supreme Court in *Monroe* to determine the retroactivity issue. Applying the suggested three-pronged analysis outlined in *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the Iowa court concluded that the burden imposed by the State to prove non-accommodation beyond a reasonable doubt should be given "complete retroactive effect." *Monroe,* 236 N.W.2d at 38. The conclusion is supported by a compelling logic:

This is mandated by the United States Supreme Court's decision in *V v. City of New York,* 407 U.S. 203 [92 S.Ct. 1951, 32 L.Ed.2d 659]. There the Court gave the constitutional standard of proof beyond a reasonable doubt announced in *Winship* [397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368] complete retroactive effect, noting the clear purpose of the standard was to overcome an aspect of a criminal trial that substantially impairs its truth-finding function. *Monroe,* 236 N.W.2d at 38.[7]

4. For purposes of eliminating possible definitional confusion, an introductory comment may be useful. When the United States Supreme Court has sought to deal with whether a case that substantially alters the relevant body of prior law should govern past, pending and future cases, it has generally spoken in terms of (1) "pure prospectivity," where the new law is said to govern only future cases and neither the parties before the court nor any past or pending cases; (2) "non-retroactivity," where the new law is said to govern future cases as well as the litigants at bar but not past or pending cases; or (3) "retroactivity," where the new law is said to govern future cases, the present litigants, and all fact situations arising before the date of the law-changing decision that are

still reviewable either by direct appeal or by collateral attack. *See* F. Beytagh, *Ten Years of Non-Retroactivity,* 61 Va.L.Rev. 1557 (1975).

5. *See, e. g., United States v. Peltier,* 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975); *Bowen v. United States,* 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641 (1975); *Daniel v. Louisiana,* 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).

6. *See* Beytagh, *supra.*

7. In *Monroe,* 236 N.W.2d at 38–39, the Iowa Supreme Court also held that the accused's right to a jury determination in an accommodation proceeding would apply only prospectively. Since McNabb has not challenged this par-

While in full agreement with the Iowa Supreme Court's analysis of retroactivity with respect to burden of proof,[8] this Court is troubled when that "complete retroactive effect" is procedurally limited at the conclusion of the *Monroe* decision:

> Relief flowing from the constitutional adjudication in this opinion is available only in . . . (b) cases now pending on appeal where error has been properly preserved at trial . . . . .

The underlying question which gives this Court pause is one of what state high courts can and cannot do in terms of limiting retroactivity and the implementation of federal constitutional rights. Or, in terms of the immediate situation, the question is whether the Iowa Supreme Court, after determining the *Wilbur* burden of proof pronouncements to be "completely retroactive," can procedurally limit that retroactivity as to certain drug accommodation cases "pending on appeal." *See Leonard, supra.*

As respondents have noted, a key United States Supreme Court decision in terms of understanding state courts and their powers of retroactive and prospective decision-making is *Great Northern R. Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932). The *Sunburst* decision, though statutory and civil in nature, has served as the departure point in the most recent forays into judicial retroactivity and criminal law. *See Linkletter, supra.* In *Sunburst,* a state court ruling that disputed railroad freight rates would only thereafter be found excessive was appealed on the grounds that defendant, which did not receive the benefit of the ruling, had been denied due process. Justice Cardozo, speaking for the United States Supreme Court, sustained the state court's decision.

A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions. *Sunburst,* at 364, 53 S.Ct. at 148.

Historically, in areas of state statutory or common law, the United States Supreme Court has generally found that a state's high court has finality in construing content.[9] But the *Sunburst* decision went beyond this mere judicial principle of construction, holding that a state court also has the power to determine the prospectivity or retroactivity of the law it can construe. Thus, like the United States Supreme Court in areas of federal law, a state supreme court in areas of state statutory or common law can, without violating Fourteenth Amendment due process, dictate whether its decisions will apply to cases only in the future, to all cases past and present, or indeed to "cases now pending on appeal where error has properly been preserved at trial." *See* W. Shaefer, *The Control of "Sunbursts": Techniques of Prospective Overruling,* 42 N.Y.U.L.Rev. 631 (1967).

The present action, however, presents a variation upon the *Sunburst* situation. The problem here is whether Fourteenth Amendment due process does limit a state court's retroactive decision-making when admittedly such fundamental constitutional principles as burden of proof are affected. This Court must determine if the State is correct in arguing, without reservation, the apparent position of the Iowa court in *Leonard, supra,* a case similar to McNabb's in which a due process attack upon the limited retroactivity of *Monroe* was rejected:

> This Court . . . repeatedly has held that state courts are the ultimate expositors of state law, see, e. g., *Murdock v. City of Memphis,* 87 U.S. 590, 22 L.Ed. 429; *Winters v. New York,* 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948), and that we are bound by their constructors except in extreme circumstances not present here.

ticular portion of the *Monroe* decision, it will neither herein be considered or discussed.

8. *See also, United States v. Regan,* 525 F.2d 1157, 1160 n.3 (3rd Cir. 1975).

9. In *Wilbur, supra,* 421 U.S. at 691, 95 S.Ct. at 1886, Justice Powell observed:

Under the United States Constitution we are neither required to apply, nor prohibited from applying a decision retrospectively. *Leonard, supra,* 243 N.W.2d at 84.

A reading of *Sunburst* and its progeny reveals that state courts are not free of constitutional limitations in determining the prospectivity or retroactivity of their decisions. While approving the *Sunburst* court's denial of retroactivity as to state freight rates, Justice Cardozo alluded to this limitation:

Sound or unsound, there is involved in [this decision] no denial of a right protected by the Federal Constitution. . . We think the Federal Constitution has no voice upon the subject. *Sunburst,* 287 U.S. at 364, 53 S.Ct. at 148.

The constitutional limitation suggested by Justice Cardozo was noted and affirmatively restated in a case upon which respondents herein rely, *Stone v. Wainwright,* 478 F.2d 390, 396 n.20 (5th Cir. 1973):

. . . [A] state's *non-constitutional* decisions may constitutionally be denied retroactive application . . . (emphasis added).

The *Wilbur* decision also refers to this constitutional limitation upon state courts. Granting that Maine's high court had the ultimate authority in construing the state's homicide statute, the United States Supreme Court stated that "the issue is whether the Maine rule . . . accords with due process." *Wilbur,* 421 U.S. at 692, 95 S.Ct. at 1886. Or, as the lower *Wilbur* court had stated, the duty of a federal court is "to see that state law as definitively interpreted 'trespasses on no federally guaranteed constitutional rights.'" *Wilbur v. Mullaney,* 1st Cir., 496 F.2d 1303 at 1305. *See, also, People v. Whisenant,* 21 Mich. App. 518, 175 N.W.2d 560, 562 (1970); *Jenkins v. Georgia,* 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1973).

■ All of these cases point to constitutional due process as the limitation under which a state court must always function. Clearly, a state court does have final pronouncement as to the content and the prospective or retroactive application of that state's laws; *however,* while the prospective or retroactive application in itself does not violate Fourteenth Amendment due process, it may if that application interferes with what the United States Supreme Court has deemed a vested constitutional right within the meaning of that Amendment.

[*Marbury v. Madison,* 1 Cranch (5 U.S.) 137, 2 L.Ed. 60 (1803)] declared the basic principle that the federal judiciary is supreme in the exposition of the law of the Constitution . . . . It follows that the interpretation of the Fourteenth Amendment enunciated by [the Supreme] Court . . . is the supreme law of the land, and Art. VI of the Constitution makes it of binding effect on the States 'any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.' *Cooper v. Aaron,* 358 U.S. 1, 18, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958).

■ The Court, in light of the foregoing discussion, finds McNabb is correct in claiming a deprivation of his right to Fourteenth Amendment due process. Having concluded in *Monroe* that the *Wilbur, Winship,* and *V v. City of New York* decisions together mandated complete retroactivity in the State's duty to carry forward the burden of proof in an accommodation hearing, the Iowa Supreme Court attempted to place a procedural bar on certain cases pending appeal. Any such attempt to limit that which is deemed a vested constitutional right is invalid and without effect. That is, once properly determining that the United States Supreme Court has said Fourteenth Amendment due process retroactivity placed the burden of proof upon the State, the Iowa court, pursuant to Article VI of the Constitution, was bound thereby and could not validly qualify that result by the imposition of a procedural prerequisite. *Cf. Whisenant, supra.* The Constitution dictates a ruling for McNabb.

Since it has determined that the Iowa Supreme Court, as a state Court, could not constitutionally go further than the United States Supreme Court would in limiting the retroactive application of a burden of proof

standard, this Court need not specifically address McNabb's arguments to enter a ruling in his favor. Nevertheless, to the extent that its own position is clarified in this matter, the Court will briefly comment on those arguments.

While McNabb legitimately argues the *O'Connor* decision as a precedent for his due process claim, his emphasis upon the then pending nature of the case is misdirected. What is critical to the *O'Connor* ruling, as the Supreme Court therein indicated, was the underlying supremacy of the United States in constitutional matters.

> We hold that in these circumstances the failure to object in the state courts cannot bar the petitioner from asserting this federal right. *O'Connor, supra,* 385 U.S. at 93, 87 S.Ct. at 253.

To stress the pending nature of the case suggests that the United States Supreme Court, consistent with due process, could not deny application of a newly pronounced constitutional principle to a case then pending on direct review. But the decisions hold otherwise. Although *Linkletter, supra,* and *Tehan v. United States,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966) did apply *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) and *Griffin, supra,* respectively, to cases pending on direct appeal, the Supreme Court has subsequently refused to draw a definite line for purposes of retroactivity "between convictions now final . . . and convictions at various stages of trial and direct review." *Stovall, supra,* 388 U.S. at 300, 87 S.Ct. at 1972; *see, e. g., Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

McNabb's misdirected emphasis upon pendency is one that easily follows from a reading of *Linkletter* and was an error that courts were to perpetuate until the United States Supreme Court subsequently explained its position. Beytagh, *Non-Retroactivity, supra.* A case in point is *State v. Wisniewski,* 171 N.W.2d 882 (Iowa 1969), which McNabb has contended is strong Iowa precedent for his due process claim. In *Wisniewski,* the majority opinion of the

Iowa Supreme Court does appear to rule that it is the pending nature of the case which permits the shift in the alibi burden to apply to a case on appeal. But, in his special concurrence, Justice Stuart observed that the determining factor in *Wisniewski,* as it is in the instant case, was the underlying federal nature of the question and the United States Supreme Court's supremacy in this matter.

> I . . . believe the result reached . . . is the only practical result under *O'Connor v. Ohio* . . . , *as a federal constitutional right is involved.*

In addition to his due process claim, McNabb further asserts that his accommodation hearing deprived him of his right to equal protection under the Fourteenth Amendment. However, having fully considered and resolved the due process claim in his favor, the Court neither needs nor chooses to explore the equal protection assertion.

## VI. REMEDY

There remains for consideration the question of proper remedy in the situation where burden of proof has been unconstitutionally imposed upon a defendant. The Court would first observe, though the State does not argue otherwise, that such error is not "harmless error" within the doctrine of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). No error is more prejudicial than one which unfavorably shifts the burden of proof. *See Wilbur v. Mullaney,* 473 F.2d 943 (1st Cir. 1973); *Bollenbach v. United States,* 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946). The Court is simply unable to say, as it must under *Chapman, supra,* that the error was harmless "beyond a reasonable doubt." *See, also, Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Rather, the error was one "so basic to fair trial" that relief is necessitated. *Gideon v. Wainwright,* 373 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Therefore, one of two alternative courses of action are open to the State. First, it can give McNabb, who challenges the valid-

ity of the accommodation hearing and not his guilty plea to delivery under Section 204.401, an accommodation proceeding consistent with the dictates of the *Monroe* decision.

> That is, in the hearing the burden [would be] upon the State to prove beyond reasonable doubt that the defendant did not "deliver or possess with intent to deliver a controlled substance only as an accommodation . . ." *Monroe,* 236 N.W.2d at 37.

Should the State pursue this course of action and then fail to prove non-accommodation, the defendant would be sentenced pursuant to Section 204.401(3).

> . . . Any person who violates this subsection is guilty of a misdemeanor, and upon conviction shall be punished by imprisonment in the county jail for not to exceed one year, or by a fine of not more than one thousand dollars, or both such imprisonment and fine. . . . All or any part of a sentence imposed pursuant to this section may be suspended and the person placed on probation . . ..

Alternatively, rather than giving him a new accommodation hearing, the State can vacate its original five-year and $500.00 sentence and resentence McNabb as a non-accommodation deliverer pursuant to the above-quoted provisions of Section 204.401(3).

Accordingly, for the reasons heretofore stated,

It is ordered that Charles Homer McNabb's petition for a writ of habeas corpus is sustained.

IT IS FURTHER ORDERED that the writ for release from custody shall issue at the expiration of a period of sixty (60) days, unless prior to the expiration of that date the State of Iowa either appeals this ruling, gives McNabb a new accommodation hearing, or resentences McNabb pursuant to Section 204.401(3).