STATE of Iowa, Appellee,

v.

James Leo HOLBROOK, Appellant.

STATE of Iowa, Appellee,

v.

Reaves Martin HOLBROOK, Appellant.

No. 58450.

Supreme Court of Iowa.

Jan. 18, 1978.

Kinnamon, Kinnamon, Heintz & Russo, Cedar Rapids, for appellants.

Richard C. Turner, Atty. Gen., Mark S. Beckman, Asst. Atty. Gen., and David W. Newell, Muscatine County Atty., for appellee.

UHLENHOPP, Justice.

■ This review of an Iowa Court of Appeals decision involves two problems in the consolidated prosecutions of defendants James Leo and Reaves Martin Holbrook on charges of delivery of a controlled substance, marijuana. Code 1975, § 204.401(1). James Leo Holbrook died during the pendency of the appeal and the action is abated ab initio as to him. *State v. Bradley*, 229 Iowa 92, 293 N.W. 858. We refer to Reaves Martin Holbrook as defendant.

Prior to and at trial, defendants objected to evidence relating to their delivery of several amphetamine pills in addition to the marijuana. Such pills are likewise a controlled substance. The trial court concluded that one transaction was involved and admitted evidence of that transaction showing delivery of both controlled substances.

The jury found defendants guilty of delivery of marijuana as charged. At the time a statute provided that persons convicted of delivery of a controlled substance could obtain a lesser sentence by proving they delivered to accommodate and not to obtain profit or to induce addiction or dependency. Code 1975, § 204.410. In 1973, this court held § 204.410 to be constitutional, four judges dissenting, in *State v. Vietor*, 208 N.W.2d 894 (Iowa). At the time of the present trial the United States Supreme Court had not yet spoken to the particular issue. At the conclusion of the instant trial on May 30, 1975, without objection, defendants assumed their burden under § 204.410 and endeavored to show they delivered the

marijuana as an accommodation. On the same day the trial court found adversely to defendants on that question and sentenced them accordingly. They appealed.

We transferred the appeal to the Iowa Court of Appeals, which affirmed on September 9, 1977. Defendants then applied to us for further review and we granted the application. In the present further review defendant advances two contentions: (1) the trial court erred in admitting the evidence of delivery of amphetamines; and (2) § 204.410 unconstitutionally placed the burden of proof on defendants to establish accommodation.

■ I. As to defendant's first contention, we have reviewed the evidence and agree with the trial court and the Court of Appeals that the parties' acts involve one transaction in which defendants delivered both marijuana and amphetamines, and that to endeavor to lift out the part relating to amphetamines and isolate the part relating to marijuana would present an unrealistic and artificial picture of the occurrence. The case falls within such decisions as *State v. Guess*, 223 N.W.2d 214 (Iowa); *State v. Garren*, 220 N.W.2d 898 (Iowa); and *State v. Drake*, 219 N.W.2d 492 (Iowa). See also *State v. Watson*, 242 N.W.2d 702 (Iowa). In *Drake* we stated at page 494, "The state is always entitled to show what actually happened at the time of the offense. The fact that this may necessarily include recitation of the commission of another crime or other unfavorable circumstances does not render such evidence inadmissible."

We reject defendant's first contention.

II. Defendant's second contention involves the validity of a standing rule of a state on preservation of an issue for review. On May 30, 1975, without objection, defendants assumed the burden of proving accommodation. On June 9, 1975, the United States Supreme Court (herein, the Court) decided *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508. *Mullaney* held that the United States Constitution places the burden of proof on the prosecution to establish the elements of a crime

charged, and presaged the downfall of *State v. Vietor*, supra. On June 23, 1975, defendants served notices of appeal in the present consolidated actions.

On November 24, 1975, we decided *State v. Monroe*, 236 N.W.2d 24 (Iowa). We there overruled *State v. Vietor*, and we laid down the rule that the burden of proving non-accommodation rests on the State and held that such rule operates both prospectively and retrospectively, citing *V. v. City of New York*, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659. We further held in effect, however, that past cases which could no longer be appealed constituted a closed book, and that relief could only be granted under the *Monroe* rule (a) in the *Monroe* case itself and (b) in appeals then pending or thereafter timely taken "in which error has been properly preserved." *State v. Monroe*, supra, at 39. We need not now consider the "closed book" cases—those which were not pending on appeal and were no longer appealable because of lapse of time—since the present appeal was pending when we decided *Monroe*.

█ Our requirement that error has been properly preserved, in situations of pending appeals and of timely appeals, is based on the general principle that we consider only issues which were raised in the trial court. We are a court of review, not a nisi prius court. We cannot "review" an issue unless it was raised in the trial court. The requirement that the issue be raised in the trial court is not something new or a device imposed as a barrier against constitutional rights. It is of long standing and applies generally to claimed errors of all kinds, constitutional and otherwise; nor is it a rule peculiar to Iowa. *State v. Armstrong*, 203 N.W.2d 269 (Iowa), cert. den. 414 U.S. 857, 94 S.Ct. 163, 38 L.Ed.2d 108; 5 Am. Jur.2d Appeal & Error § 545 at 29–30; 24 C.J.S. Criminal Law § 1669 at 1050 ("As a general rule questions not raised in the trial court will not be considered on appeal."). Illustrations are *State v. Tokatlian*, 203 N.W.2d 116 (Iowa) (refusal to consider claim of unconstitutionality of drug statute—not raised in trial court); *State v.*

*Burtlow*, 210 N.W.2d 438 (Iowa) (refusal to consider *Miranda* issue—not raised in trial court); and *State v. Tech*, 240 N.W.2d 658 (Iowa) (refusal to consider due process contention—not raised in trial court).

Defendant's problem in this appeal is that he did not preserve error; he made no objection in the trial court to the provision of § 204.410 placing the burden of proof on him, although a federal constitutional issue was involved, although the Court would be the final arbiter on such an issue and had not yet spoken, and although Vietor was a five-to-four pronouncement of a state court, with dissenters pointing out the federal constitutional infirmity in § 204.410. *State v. Vietor*, supra, at 899 ("The due process clause of the Fourteenth Amendment of the Federal Constitution is fully applicable to a sentencing proceeding. . . . I believe § 204.410 denies a defendant due process by requiring him, after conviction for delivery of a controlled substance, to prove he delivered it as an accommodation offender rather than a drug pusher.").

Defendants endeavor to avoid their failure to preserve error by asserting the requirement in *Monroe* that the error "has been properly preserved" is itself unconstitutional, and they cite the decision of the United States District Court (herein, the federal court) in *Logan v. Auger*, 428 F.Supp. 396 (S.D.Iowa).

The *Logan* facts parallel the present ones. That case involved Charles Homer McNabb who had been convicted in Iowa District Court of delivery of a controlled substance. Without objection in that court, McNabb assumed the burden of proving accommodation, and lost. He appealed to this court and while his appeal was pending we decided *Monroe*. When we came to McNabb's appeal we refused to apply the *Monroe* rule because McNabb had not preserved error in the Iowa District Court as *Monroe* requires. *State v. McNabb*, 241 N.W.2d 32 (Iowa).

McNabb through Logan secured a writ of habeas corpus in the federal court. On February 9, 1977, that court held this court could not constitutionally limit the *Monroe*

rule by the preservation of error requirement. It therefore held for McNabb.

We thus have the problem of whether, under the supremacy and due process clauses, federal constitutional doctrines not only cut across contrary state doctrines such as those regulating the burden of proof, but also cut across otherwise appropriate general rules of state procedure on how issues must be raised—such as the preservation of error rule.

■ A problem such as this involves two phases: whether a new pronouncement of a federal constitutional right operates retrospectively, and whether, if it does, the normal procedural requirements on raising issues nonetheless apply to prior cases. The first phase presents no difficulty here; without question the constitutional right— the right to have the State prove nonaccommodation—operates retrospectively. *State v. Monroe, supra.*

■ The second phase—procedural requirements for raising issues—involves several decisions of the Court of which four, involving convictions in state courts, appear to us to be most closely related to the present situation. One, in 1963, is *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (five-to-four decision). There the Court held that a defendant's failure to appeal in state court did not disentitle him to federal relief; the defendant did not deliberately bypass a state procedure. A second, in 1966, is *O'Connor v. Ohio,* 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189 (per curiam). There the Court applied the *Griffin* rule notwithstanding the defendant's failure to object in the state trial.

In June 1977, after the *Logan* decision, the Court decided the third and fourth cases. One of these is *Wainwright v. Sykes,* 433 U.S. 72, 88, 97 S.Ct. 2497, 2507, 53 L.Ed.2d 594, 608, 609 (six in majority, one concurring only specially and two in dissent). That decision upheld application of the Florida contemporaneous objection rule to evidence of admissions which were given without the *Miranda* warning, and referred to *Davis v. United States,* 411 U.S.

233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (conviction in federal court). In *Wainwright v. Sykes* the Court rejected the "sweeping language" of *Fay v. Noia* in the circumstances and stated that the contemporaneous objection rule "is by no means peculiar to Florida, and it deserves greater respect than *Fay* gives it, both for the fact that it is employed by a coordinate jurisdiction within the federal system and for the many interests which it serves in its own right." Much the same can be said for the general rule requiring a party to raise his contentions before the trial court. That rule stems from the same trunk as the contemporaneous objection rule.

The other case is *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (six in majority, two concurring only specially, and one not participating). That case involved *Mullaney v. Wilbur* itself. At issue in *Hankerson* was the burden of proof on self-defense; in its instructions in a pre-*Mullaney* trial, the state trial court applied a presumption and placed the burden on the accused. As we did in *Monroe,* the North Carolina Supreme Court held that under *Mullaney v. Wilbur* the state rather than the defendant had the burden of proof on the issue in question, but contrary to our holding in *Monroe,* the North Carolina Supreme Court held that *Mullaney* is not retrospective.

The question before the Court was whether *Mullaney* applies retrospectively. The Court held it does, and reversed. In the course of its opinion, however, the Court answered the apprehension of respondent North Carolina that retrospective application would have devastating effect. The Court then added note 8:

Moreover, we are not persuaded that the impact on the administration of justice in those States that utilize the sort of burden-shifting presumptions involved in this case will be as devastating as respondent asserts. If the validity of such burden-shifting presumptions was as well settled in the States that have them as respondent asserts, then it is unlikely that prior to *Mullaney* many defense law-

yers made appropriate objections to jury instructions incorporating those presumptions. Petitioner made none here. The North Carolina Supreme Court passed on the instructions anyway. The States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error. See, e. g., Fed.Rule Crim.Proc. 30.

Again much the same can be said here. If a requirement of objecting to instructions is a "normal and valid rule" then the long-standing and general requirement of objecting at trial should be a normal and valid rule.

These recent statements of the Court plus the considerations which have long caused us to follow the general requirement that the issue be properly preserved in the trial court lead us to conclude that the preservation requirement in *Monroe* is valid.

Defendant not having raised the issue in the trial court cannot now raise it here. The Court of Appeals reached the right result in upholding defendant's conviction.

ABATED AS TO JAMES LEO HOLBROOK.

AFFIRMED AS TO REAVES MARTIN HOLBROOK.